Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| SAMUEL SIERRA PLACERES  Recurrente  v.  JUNTA DE LIBERTAD BAJO PALABRA  Recurrida | KLRA202500326 | REVISIÓN JUDICIAL Procedente de la Junta de Libertad Bajo Palabra  JLBP NÚM.: 78852  Sobre: Moción en Solicitud de Reconsideración (No Ha Lugar) |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de julio de 2025.

Comparece ante nos, por derecho propio e *in forma pauperis*,[1] el señor Samuel Sierra Placeres ("Recurrente" o "señor Sierra Placeres") mediante un documento intitulado *Revisión Judicial* recibido el 2 de junio de 2025. En este, nos solicita la revisión de la *Resolución* emitida el 18 de marzo de 2025, notificada al Recurrente el 15 de abril del mismo año por la Junta de Libertad Bajo Palabra ("Junta" o "agencia recurrida"). Por virtud del aludido dictamen, la Junta determinó que el Recurrente no cualifica para el privilegio de libertad bajo palabra debido a que no cuenta con hogar viable, amigo consejero ni oferta de empleo.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

## I.

Se desprende del expediente ante nos que el señor Sierra Placeres, quien es miembro de la población correccional, cumple

---

[1] Conforme a la Regla 78 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), se le permite al Recurrente litigar *in forma pauperis*, debido a que a que se encuentra confinado en una institución carcelaria y no cuenta con los recursos económicos necesarios para sufragar los derechos arancelarios.

Número Identificador

SEN(RES)2025_____

una condena de cuarenta y tres (43) años de reclusión por "Comercio ilegal de Vehículos y Pieza, Agresión grave, Asesinato en segundo grado, Destrucción de Prueba, Restricción de Libertad Agravada, Conspiración, Apropiación Ilegal Agravada, Apropiación Ilegal de identidad, Tentativa de Robo, Amenaza y violación a la Ley de Armas".[2] Así pues, el 17 de septiembre de 2019, la Junta adquirió jurisdicción sobre el caso del Recurrente el 17 de septiembre de 2019.[3]

Tras llevarse a cabo la vista de consideración ante la agencia recurrida, la Junta emitió *Resolución* el 29 de febrero de 2024, archivada el 18 de marzo de 2024 y notificada al Recurrente el 20 de mayo de 2024.[4] De la misma se desprende que el Recurrente no cuenta con una propuesta de oferta de empleo y amigo consejero viable por lo que no dispone de un plan de salida estructurado en dos (2) de las tres (3) áreas de salida requeridas. Por tal motivo, la Junta concluyó que el señor Sierra Placeres no cualifica para el privilegio de libertad bajo palabra.

Posteriormente, el Recurrente fue nuevamente evaluado por la Junta y tras examinar los documentos que obran en el expediente administrativo del caso, la agencia recurrida emitió *Resolución* el 18 de marzo de 2025, archivada el 2 de abril de 2025 y notificada al señor Sierra Placeres el 15 de abril de 2025. Por virtud de esta, la Junta denegó el privilegio de libertad al Recurrente, fundamentándose en las siguientes determinaciones de hecho:

1. Se desprende del expediente que el peticionario se encuentra clasificado en custodia mediana desde el 8 de noviembre de 2024.

2. El 3 de mayo de 2024, el peticionario completó el Programa de Aprendiendo a Vivir sin Violencia del DCR.

3. El 18 de junio de 2024, completó las Terapias de Trastornos Adictivos, y el 23 de agosto de 2024,

---

[2] Véase, Apéndice de la parte recurrida, pág. 1.
[3] *Íd.*
[4] *Íd.*, págs. 15-18.

completó las Terapias, enfocadas en la prevención de recurrencia.

4. El peticionario no sometió candidato para realizar las funciones de amigo consejero ni oferta de empleo en su plan de salida, conforme se evidencia en el Informe de Ajuste y Progreso recibido en la Junta el 15 de noviembre de 2024, realizado por un técnico de servicios sociopenal de Ponce Máxima.

5. De la investigación realizada por parte del personal del Programa de Comunidad de Humacao recibida en la Junta el 10 de diciembre de 2024, **se determina que la vivienda sometida en el plan de salida, no es viable para el proceso rehabilitativo debido a que el recurso familiar sometido no tendría los controles necesarios por problemas de salud que se lo impiden, para apoyar proceso de rehabilitación.** Se le orienta al peticionario que deberá de someter una vivienda alterna o en su alternativa otro recurso que pueda ayudarlo en su rehabilitación.[5]

Cónsono con estas determinaciones de hechos, la Junta determinó lo siguiente:

En el caso que nos ocupa, mencionamos aquellos factores que favorecieron al peticionario y otros que no, para la concesión del privilegio.

Se encuentra clasificado en custodia mediana. **No sometió candidato de amigo y consejero ni oferta de empleo. La vivienda no es viable para proceso de rehabilitación.**

Tomando en consideración todos los factores del presente caso, consideramos que el peticionario no cualifica para beneficiarse del privilegio de libertad bajo palabra.[6]

Inconforme con este dictamen, el 21 de abril de 2025, el Recurrente presentó *Moción de Reconsideración*.[7] En esta, el Recurrente esbozó que la Junta no corroboró los documentos actualizados en el expediente del caso y que el recurso familiar propuesto, la señora Brenda Liz González González, se encontraba en buen estado de salud. Evaluado este escrito, el 5 de mayo de 2025, archivada el 6 de mayo de 2025 y notificada al Recurrente 19 de mayo de 2025, la Junta declaró *No Ha Lugar* la solicitud de reconsideración instada.[8]

Aun inconforme, el señor Sierra Placeres presentó el recurso de epígrafe el 2 de junio de 2025, aunque no esbozó ningún señalamiento de error.

---

[5] *Íd.*, pág. 1.
[6] *Íd.*, pág. 2.
[7] *Íd.*, págs. 6-10.
[8] *Íd.*, págs. 12-14.

El 12 de junio de 2025 esta Curia emitió *Resolución* en la cual le concedió a la Junta hasta el 23 de junio de 2025 para que expusiera su posición sobre el recurso. Ulteriormente, el 20 de junio de 2025, la agencia recurrida, por conducto de la Oficina del Procurador General de Puerto Rico presentó *Solicitud de Término Adicional,* mediante la cual solicitó una prórroga de veinte (20) días para presentar su escrito. Así las cosas, el 25 de junio de 2025, este Tribunal le concedió hasta el 14 de julio de 2025 para que la agencia recurrida expusiera su postura en cuanto al Recurso. Así pues, el 16 de julio de 2025, la Junta presentó *Escrito en Cumplimiento de Resolución,* mediante el cual, esencialmente adujo que correspondía confirmar el dictamen recurrido, pues la agencia recurrida no abusó de su discreción al denegar el privilegio de libertad bajo palabra al señor Sierra Placeres. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver la controversia ante nuestra consideración.

**II.**

A. ***Estándar de Revisión Judicial de Determinaciones Administrativa***

"Es norma de derecho claramente establecida que los tribunales apelativos, al momento de revisar las determinaciones administrativas, están obligados a conceder deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado". *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 215 DPR__ (2025) 2025 TSPR 70, pág. 10. Las determinaciones de una agencia administrativa gozan de una presunción de legalidad y corrección. *Transp. Sonnell v. Jta. Subastas ACT,* 214 DPR___ (2024) 2024 TSPR 70, pág. 16. Al evaluar una determinación administrativa, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por

la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Otero Rivera v. USAA Fed. Savs. Bank.,* 214 DPR___ ,2024 TSPR 70, pág. 9(2024).

Ahora bien, en cuanto las determinaciones de derecho, nuestra más Alta Curia en *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* 215 DPR___, 2025 TSPR 56 (2025), incorporó la doctrina discutida en *Loper Bright Enterprises v. Raimondo,* ___ U.S. ____, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), en cuanto a que los tribunales no tienen que darle deferencia a la interpretación de derecho que haga una agencia simplemente porque la ley es ambigua. En aquella ocasión, nuestro Máximo Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales" por lo cual enfatizó que, "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos". *Íd.*, pág. 33.

### B. La Junta de Libertad Bajo Palabra

La Junta de Libertad Bajo Palabra, adscrita al Departamento de Corrección y Rehabilitación fue creada al amparo de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, 4 LPRA, sec. 1501 *et seq.*, ("Ley Núm. 118"). Esta legislación le otorgó la facultad a la Junta a decretar la libertad bajo palabra a una persona recluida en las instituciones correccionales de Puerto Rico, siempre y cuando se cumplan con los requisitos dispuesto por ley y no se trate de alguno de los delitos excluidos de este beneficio. 4 LPRA sec. 1503 (Supl. 2025). El decreto de libertad bajo palabra autoriza que una persona que haya sido convicta y sentenciada a cumplir una condena de reclusión cumpla la última parte de su sentencia fuera de la institución correccional, sujeto al

cumplimiento de las condiciones impuestas por la Junta. *Maldonado Elías v. González Rivera,* 118 DPR 260, 275 (1987).

A su vez, nuestro más Alto Foro ha resuelto que la libertad bajo palabra no es un derecho sino más bien es un privilegio. *R Quiles v. Del Valle,* 167 DPR 458, 475 (2006). Por tanto, la concesión del aludido privilegio recae en la sana discreción de tribunal o de la Junta. *Íd.* Asimismo, la libertad bajo palabra se otorga a la persona confinada que satisfaga ciertos criterios personales y de conducta, sujeto al mejor interés de la sociedad y que las medidas logren la rehabilitación moral y económica del confinado beneficiado. *Rivera Beltrán v. Junta de Libertad Bajo Palabra,* 169 DPR 903, 905 (2007) (Sentencia).

Concerniente al procedimiento para la concesión del privilegio de libertad bajo palabra, la Ley Núm. 118, *supra* establece que el miembro de la población correccional que cumpla con los requisitos establecidos por la Junta mediante reglamento o ley, que muestre un alto grado de rehabilitación y que no represente un riesgo para la sociedad podrá solicitar formalmente el privilegio. Una vez recibida la solicitud, la Junta referirá la evaluación de esta a uno de los paneles de trámite y adjudicación. Ley Núm. 118, *supra,* sec. 1503c. En este proceso de evaluación, la Junta tendrá discreción para tomar en consideración diversos criterios para otorgar el privilegio, los cuales son los siguientes:

(1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.

(2) Las veces que el confinado haya sido convicto y sentenciado.

(3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.

(4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.

(5) El historial de ajuste institucional y del historial social y psicológico del confinado, preparado por la Administración de Corrección y el historial médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.

(6) La edad del confinado.

(7) El o los tratamientos para condiciones de salud que reciba el confinado.

(8) La opinión de la víctima.

(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.

(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento. La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho. Ley Núm. 118, *supra,* 4 LPRA sec. 1503d.

Por otro lado, para poder implementar las disposiciones de la Ley Núm. 118, *supra*, la Junta adoptó el *Reglamento de la Junta de Libertad Bajo Palabra,* Reglamento Número 9232 de 18 de noviembre de 2020. En el Art. X del aludido reglamento se enuncian los criterios que la Junta deberá considerar al evaluar la solicitud de libertad bajo palabra de un confinado. Específicamente, la Sección 10.1 (A) dispone que "[l]a Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión".

Por otro lado, en, la Sección 10.1 B (7) establece todo lo concerniente al plan de salida que debe someterse ante la Junta:

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

[…]

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

   a. El plan de salida podrá ser en Puerto Rico, en cualquier estado de los Estados Unidos o en cualquier otro país que tenga un tratado de reciprocidad con Estados Unidos.

   b. Cuando el plan de salida propuesto sea fuera de la jurisdicción de Puerto Rico:

   […]

   d. Oferta de empleo y/o estudio

      i. Todo peticionario deberá proveer una oferta de empleo o, en la alternativa, un plan de estudios adiestramiento vocacional o estudio y trabajo.

[...]

e. Residencia

i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o un programa interno.

ii. De proponer una residencia, el peticionario proveerá el nombre completo y número de teléfono de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.

iii. De proponer una residencia propia y no contar con recurso familiar, deberá presentar como recurso y apoyo el amigo consejero o alguna persona que le pueda servir de apoyo, aunque no resida con el peticionario. Deberá presentar el nombre completo de esa persona, número de teléfono y correo electrónico. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone recibir el peticionario de serle concedida la libertad bajo palabra.

iv. Si el peticionario interesa ingresar a un programa interno, tendrá que presentar la carta de aceptación del programa, así como proponer una residencia alterna en la cual disfrutará de los pases, en los casos que aplique. Dicha residencia alterna será corroborada para determinar su viabilidad. Si la residencia alterna no resulta viable, el peticionario no podrá disfrutar de pases hasta tanto no provea una residencia alterna viable, y así lo autorice la Junta.

iv. Para determinar si la vivienda propuesta es viable, la Junta considerará:

(a) Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.

(b) Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.

(c) Condición de la planta física de la residencia y cantidad de habitantes de la misma.

(d) Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito.

(e) Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.

(f) Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.

**III.**

En el presente recurso, el Recurrente solicita que revisemos la *Resolución* dictada el 18 de marzo de 2025, notificada el 25 de abril del mismo año, por la Junta. El fundamento de la agencia recurrida en dicho dictamen respondió a que, tras realizar un análisis del expediente del Recurrente, determinó no conceder el privilegio de libertad bajo palabra al señor Sierra Placeres pues éste incumplió con el requisito de presentar un plan de salida viable. La Junta especificó que el Recurrente no presentó candidato de amigo consejero, ni oferta de empleo, ni vivienda viable para el proceso de rehabilitación. Veamos.

Surge de los autos que la agencia recurrida fundamentó su determinación de denegarle al Recurrente el privilegio de libertad bajo palabra sopesando varios factores. En primer lugar, la Junta enfatizó que el Recurrente no cumplió con el requisito de vivienda viable, toda vez que el *Informe Breve de Reconsideración de Libertad Bajo Palabra* preparado el 6 de diciembre de 2024 por la técnico de servicio sociopenal Myriam Montañez Serrano indicó que, de la investigación realizada, surgía que el recurso familiar sometido por el señor Sierra Placeres no tendría los controles necesarios "porque la dama tiene padecimientos mentales" y no era "un recurso de ayuda".[9]

Cónsono con lo anteriormente esbozado, del expediente se desprende que la Junta evaluó otros factores conforme las circunstancias del Recurrente. En ese sentido, fundamentó la determinación de denegar el privilegio de libertad bajo palabra por virtud de incumplimientos del plan de salida tales como la falta de un amigo consejero y de una oferta de empleo viables. Estos

---

[9] *Íd.*, págs. 21-22.

últimos surgen del Informe de Ajuste y Progreso a la Junta de Libertad Bajo Palabra preparado por la técnico sociopenal Neysha Figueroa Rodríguez el 4 de noviembre de 2024.[10] Es decir, fueron varios los elementos que concurrieron para que la Junta tomara su determinación, la cual se fundamentó con documentos que obran en el expediente. Cabe destacar que de las determinaciones de hecho emitidas por la Junta surge que se le orientó al Recurrente que debe someter una vivienda alterna o en su alternativa otro recurso que pueda ayudarlo en su rehabilitación.

Luego de realizar un examen cuidadoso del expediente ante nuestra consideración, coincidimos con el criterio de la agencia recurrida. Por consiguiente, ante la ausencia de prueba que demostrara que la Junta actuara de forma arbitraria, irrazonable o ilegal, colegimos que la agencia recurrida aplicó correctamente el derecho al denegarle el privilegio de libertad bajo palabra al Recurrente. Por tanto, corresponde otorgarle deferencia a la determinación recurrida y, por consiguiente, confirmarla.

**IV.**

Por los fundamentos antes expuestos, **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[10] *Íd.*, págs. 19-20.